IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Starnes Estate & Mary Lou Starnes, ) | |
| ) | |
| Plaintiffs/Appellants, ) | |
| ) | |
| v. ) | No. 4:21-CV-00399-DGK |
| ) | |
| Anna Lee Moberly, ) | |
| ) | |
| Defendant/Appellee. ) | |

## ORDER DIRECTING BRIEFING ON SUBJECT MATTER JURISDICTION

This bankruptcy appeal arises out of an involuntary chapter seven bankruptcy case against Anna Lee Moberly ("Debtor"), the Appellee in this case and the putative debtor in the bankruptcy case. The Appellants are Mary Lou Starnes and the Starnes Estate ("Creditors"), the creditors in the bankruptcy case. After reviewing Creditors' initial brief, ECF No. 8, the Court questions whether it has jurisdiction to hear this appeal. The Court ORDERS the parties to brief this issue.

**Procedural Posture**

Creditors filed an involuntary petition for chapter seven relief against Debtor in May 2020. In her answer to this petition, Debtor included a request for damages in the form of reasonable attorney's fees under 11 U.S.C. § 303(i)(1)(B).

On May 25, 2021, the Honorable Cynthia A. Norton, United States Bankruptcy Judge, issued an "Order Dismissing Case" ("the May Order"). ECF No. 1-1. The May Order dismissed the involuntary case, but reserved jurisdiction over the issue of damages since the issue had been raised in Debtor's answer. The deadline for Debtor to request such relief was June 7, 2021, and Debtor did not file a request for damages. On June 8, 2021, Creditors filed this appeal.

On June 30, 2021, Debtor filed an "election" in the bankruptcy case indicating she was not going to pursue damages. On July 1, 2021, the Bankruptcy Court issued its Final Order of Dismissal finding Debtor waived her right to damages and denying the request from her Answer. The deadline to appeal the Final Order of Dismissal has passed.

The jurisdictional issue the Court is concerned with is whether Creditor's appeal of the May Order was premature, leaving this Court without subject matter jurisdiction.

## Standard

Federal courts are courts of limited jurisdiction and as such may only hear cases they have been authorized to hear by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a federal court lacks subject matter jurisdiction over a lawsuit, it must dismiss the lawsuit. Fed. R. Civ. P. 12(h)(3). Indeed, if a court believes it may be lacking subject matter jurisdiction, it must raise the issue sua sponte. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

Ordinarily in civil litigation litigants may appeal only "final decisions." 28 U.S.C. § 1291. But bankruptcy cases are different; an appeal of right occurs from any "final judgments, *orders*, and decrees" entered by a bankruptcy court in any "cases and proceedings." 28 U.S.C. § 158(a) (emphasis added).

Whether the Court possesses jurisdiction over this appeal turns on whether the Bankruptcy Court's May Order is a final judgment, order, or decree under § 158(a). If the Court concludes it is not, then there is no subject matter jurisdiction, and the parties have no further opportunity to appeal. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 587 (2020) ("An erroneous identification of an interlocutory order as a final decision may yield an appeal over which the

2

appellate forum lacks jurisdiction. Conversely, an erroneous identification of a final order as interlocutory may cause a party to miss the appellate deadline.")

Determining whether a given bankruptcy order is appealable is a three-step process. *Id.*; *Bullard v. Blue Hills Bank*, 575 U.S. 496 (2015). First, the court looks at whether the order at issue deals with a "discrete procedural unit within the embracive bankruptcy case." *Ritzen Grp.*, 140 S. Ct. at 586. The list of "core proceedings" in 28 U.S.C. § 157(b)(2) is a helpful, but not dispositive, "'textual clue' that Congress viewed adjudication of [the issue] as [distinct] 'proceedings.'" *Ritzen Grp.*, 140 S. Ct. at 590; *see also Bullard*, 575 U.S. at 503. Second, the court considers whether the order "unreservedly grants or denies relief." *Id.* Finally, the court determines whether the order "alters the status quo and fixes the rights and obligations of the parties." *Bullard*, 575 U.S. at 502.

## Discussion

In the present case, the Court is unsure if the May Order was a final judgment, order, or decree under § 158(a) because it is unclear to what extent the May Order *unreservedly* denies relief and alters or fixes the rights and obligations of the parties. For example, had Debtor pursued damages in the form of attorneys' fees, courts will often use a totality-of-the-circumstances test which looks back on the litigation as a whole. *See, e.g.*, *In re TPG Troy, LLC*, 793 F.3d 228 (2d Cir. 2015); *In re Anderson*, 95 B.R. 703, 705 (W.D. Mo. 1989) (considering the issue of attorneys' fees "under all the circumstances"). Thus, the Court cannot conclusively determine whether the order deals with a distinct procedural unit, unreservedly denies relief, or alters the status quo in this case after the May Order.

The Court directs the parties to brief this issue in light of the Supreme Court's three-step analysis outlined in *Bullard* and *Ritzen*. On or before August 27, 2021, Creditors shall file a

3

Case 4:21-cv-00399-DGK   Document 9   Filed 08/06/21   Page 3 of 4

brief explaining why this Court has subject matter jurisdiction over this appeal.  This brief shall not exceed ten pages.  Once Creditors file their brief, Debtor has fourteen days to file a responsive brief not to exceed ten pages in length.  Creditors shall have seven days to file a reply brief not to exceed seven pages.

**IT IS SO ORDERED.**

Date:  <u>August 6, 2021</u>               <u>/s/ Greg Kays                                </u>
                                           GREG KAYS, JUDGE
                                           UNITED STATES DISTRICT COURT