# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STARNES ESTATE, et al., | ) |
| Creditors/Appellants, | ) |
| v. | ) No. 4:21-cv-00399-DGK |
| ANNA LEE MOBERLY, | ) |
| Debtor/Appellee. | ) |

## ORDER AFFIRMING BANKRUPTCY COURT'S DISMISSAL

This bankruptcy appeal involves the dismissal of an involuntary bankruptcy petition filed by a single creditor against a debtor to collect upon a consent judgment. Appellants Mary Lou Starnes and the Estate of Jimmy Dale Starnes filed a Chapter 7 involuntary bankruptcy petition against Appellee Anna Lee Moberly, alleging that she was generally not paying her debts when they were due. Appellants allege that Appellee injured Jimmy Starnes in an automobile accident in 2010, and she has an unsatisfied consent judgment against her for that accident. To collect upon that judgment, Appellants sought to force the Appellee into involuntary bankruptcy. After discovery and a hearing, the Bankruptcy Court for the Western District of Missouri[1] ("Bankruptcy Court") dismissed the involuntary petition on two independent and dispositive grounds.

Appellants appeal that decision. Finding that the Bankruptcy Court did not abuse its discretion in dismissing the petition on abstention grounds, this Court AFFIRMS.

## Statement of Facts

This case arose from a tragic accident. On August 19, 2010, Appellant Jimmy Starnes suffered severe, permanent, and disabling injuries when his motorcycle collided with Appellee's

---

[1] The Honorable Cynthia A. Norton, United States Bankruptcy Judge for the Western District of Missouri.

minivan.  Several years later, Appellants sued Appellee in Missouri state court.  During the pendency of that case, Appellee's grandson was appointed as her guardian and conservator after she was declared legally incapacitated.  Appellee is over ninety years old, lives in a nursing care facility, and receives Social Security and Medicaid benefits that cover her care and housing costs.  Appellee is not employed, and she has no other monthly expenses.

On August 20, 2018, a consent judgment was entered against Appellee.  The judgment awarded Jimmy Starnes $1,286,580 and Mary Starnes $251,000.  Contemporaneously with the entry of the consent judgment, Appellants had asked Appellee to assign an alleged claim of bad faith that she purportedly had against American Family Insurance.  But Appellee did not assign the claim.  In December 2018, Appellee's insurer, American Family Insurance, paid out the policy limits of $100,000.  This represents the only payments made on the consent judgment.

On August 27, 2019, Appellants filed a petition in Missouri state court seeking equitable garnishment against American Family Insurance, Appellee, the Estate of Appellee, and her guardian Mark Moberly.  On August 6, 2020, Jimmy Starnes passed away, and his wife was appointed as his representative in those proceedings.  That case seeks a judgment against American Family Insurance for any remaining amounts due under Appellee's policy; Appellants state that they cannot recover from Appellee there.  That case remains pending.

On May 27, 2020, Appellants filed an involuntary petition for Chapter 7 bankruptcy against Appellee.  Appellants invoked the statutory provision that allows a creditor to seek relief against a debtor who is "generally not paying" her debts that are not "subject to a bona fide dispute."  *See* 11 U.S.C. § 303(h)(1) ("Section 303").  Appellants' position is that Appellee has not satisfied her outstanding debt on the consent judgment, so they are entitled to relief under the bankruptcy laws.  Appellee disagreed that she was generally not paying her debts, and she also raised the affirmative

2

defense that the Bankruptcy Court should abstain under 11 U.S.C. § 305(a) ("Section 305"). The parties conducted discovery and submitted the case to the Bankruptcy Court on stipulated facts.

On May 24, 2021, the Bankruptcy Court dismissed the petition via an oral ruling. In support, the Bankruptcy Court read an incredibly thorough opinion into the record. The Bankruptcy Court held that dismissal was appropriate on two independent grounds. First, the Appellants had failed to show that Appellee was generally not paying her debts as defined by Section 303. Second, even if Appellants had made this showing, the case still should be dismissed on Section 305 abstention grounds since it was in the parties' best interests.

The next day, the Bankruptcy Court entered an order dismissing the case for the previously stated reasons. Order Dismissing Case, Case No. 20-40996, ECF No. 56 (Bankr. W.D. Mo. May 25, 2021). In that order, the Bankruptcy Court also reserved jurisdiction to decide the issue of whether Appellee was entitled to attorney's fees for having to defend the case. *Id.* The Bankruptcy Court gave Appellee until June 7, 2021, to make any such request. On that day, Appellants filed their notice of appeal. Later that day, Appellee sought an extension until June 30, 2021, to request attorney's fees. That request was granted. Appellee eventually declined to seek attorney's fees, and the Bankruptcy Court dismissed the entire case. Order Dismissing Case and Denying Damages, Case No. 20-40996, ECF No. 69 (Bankr. W.D. Mo. July 1, 2021).

## **Standard of Review**

This is an appeal from the Bankruptcy Court's final order dismissing Appellants' petition for involuntary bankruptcy in part on abstention grounds. *See* 28 U.S.C. § 158(a)(1).[2] Orders

---

[2] Appellee argues that this Court lacks jurisdiction because Appellants appealed before the Bankruptcy Court dismissed the case. The Court disagrees. The order entered by the Bankruptcy Court on May 25, 2021, dismissed the petition and only left to be decided the collateral issue of Appellee's attorney's fees (if any). Order Dismissing Case, No. 20-40996, ECF No. 56 (Bankr. W.D. Mo. May 25, 2021). Courts have found jurisdiction to exist in these exact circumstances. *See In re Olympic Prop. Partners, LLC*, 566 B.R. 334, 338 (S.D.N.Y 2017) (collecting cases).

3

Case 4:21-cv-00399-DGK   Document 17   Filed 03/22/22   Page 3 of 7

dismissing a case on abstention grounds under 11 U.S.C. § 305(a) are reviewable by district courts, but not the Court of Appeals or the Supreme Court. 11 U.S.C. § 305(c); *see In re Goerg*, 930 F.2d 1563, 1566 (11th Cir. 1991). This Court reviews the Bankruptcy Court's decision for an abuse of discretion. *In re Roberts Broad. Co.*, 568 B.R. 310, 312 (B.A.P. 8th Cir. 2017); *In re Pennino*, 299 B.R. 536, 538 (B.A.P. 8th Cir. 2003). This deferential standard allows for reversal only when the Bankruptcy Court "fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous." *In re Farmland Indus., Inc.*, 397 F.3d 647, 651 (8th Cir. 2005).

## Discussion

This is an involuntary bankruptcy case. These types of petitions are "rare compared to voluntary ones in part due to the statutory burdens placed on petitioning creditors" that are "intended to prevent fraudulent involuntary filings against individuals." *In re Murrin*, 477 B.R. 99, 104–105 (D. Minn. 2012) (reversing bankruptcy court that had approved involuntary bankruptcy petition). Courts scrutinize involuntary petitions because they are subject to abuse by creditors since the petitions can have "serious consequences for the alleged debtor, such as loss of credit standing, inability to transfer assets and carry on business affairs, and public embarrassment." *In re Murray*, 900 F.3d 53, 59 (2d Cir. 2018) (internal quotation marks omitted). And while the statute does not prohibit involuntary petitions involving a single creditor against the debtor, *see* 11 U.S.C. § 303, courts look upon single creditor petitions with an especially discerning eye towards ferreting out abuse. *See id.* ("[Involuntary petitions were] not intended to redress the special grievances, no matter how legitimate, of particular creditors …. Such creditors must seek redress under state law, in the state courts, and not in the bankruptcy court." (internal quotation marks and alterations omitted)); *see also In re Murrin*, 477 B.R. at 105 ("[Involuntary bankruptcy] is not intended to be used in an exclusively self-serving manner as a collection device."). That is

why single creditor involuntary bankruptcy cases are often dismissed on a variety of grounds. *In re Murray*, 900 F.3d at 59–61 (affirming dismissal for cause under 11 U.S.C. § 707(a)); *In re Nordbrock*, 772 F.2d 397, 398–401 (8th Cir. 1985) (affirming dismissal for creditor's failure to prove Section 303 requirement that debtor was "generally not paying" his debts); *In re Jr. Food Mart of Ark., Inc.*, 241 B.R. 423, 426–28 (Bankr. E.D. Ark. 1999) (dismissing on Section 305 abstention grounds).

Dismissal is exactly what happened here. The Bankruptcy Court did so because: (1) Appellants had failed to show under Section 303 that Appellee was generally not paying her debts when due; and (2) even if Appellants had made such a showing, Appellee had proven that abstention was warranted under Section 305. Appellants, as they must, challenge both grounds on appeal. The Court need not address the Bankruptcy Court's first holding because, even if Appellants could prevail on it, the Bankruptcy Court did not err in its abstention ruling.

## I. Appellants have waived their challenge to the Bankruptcy Court's abstention decision.

Appellants argue in their opening brief that the Bankruptcy Court erred in abstaining because it erroneously applied the factors for determining whether Appellee was "generally not paying her debts." Opening Br. at 22–25, ECF No. 8. Appellee aptly responds that this *was not* the basis for the Bankruptcy Court's abstention holding; rather, it methodically applied the abstention factors endorsed by other courts. Resp Br. at 23–26, ECF No. 15. In their reply, Appellants respond with an entirely new argument based on previously uncited law as to why the Bankruptcy Court erred. Reply at 7–9, ECF No. 16.

The Court holds that Appellants have waived their arguments against abstention. Appellants' abstention argument in their opening brief was based almost exclusively on incorrect factual points. Appellants did not cite any caselaw that outlined the factors for abstention. Nor

5

Case 4:21-cv-00399-DGK    Document 17    Filed 03/22/22    Page 5 of 7

did they explain how the Bankruptcy Court misapplied any such factors. Instead, Appellants claimed that the Bankruptcy Court abstained because it believed Appellants had not proven Appellee had generally not been paying her debts. This is false: The Bankruptcy Court's abstention decision had nothing to do with that issue. Appellants did not raise any legal challenge to the abstention decision until their reply brief. But that was too late, as arguments raised for the first time in a reply are waived. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) ("Since there was no meaningful argument on this claim in his opening brief, it is waived."); *see also Pribyl v. Cnty. of Wright*, 964 F.3d 793, 795 n.3 (8th Cir. 2020) (same).

**II. Even if Appellants had not waived their challenge to the Bankruptcy Court's abstention ruling, there was no error.**

Even were the Court inclined to overlook Appellants' waiver, there is no merit to their argument. The central inquiry for Section 305 dismissal is whether "the interests of creditors and the debtor would be better served by such dismissal." 11 U.S.C. § 305(a)(1). Courts have formulated a variety of factors to guide this inquiry, including "(1) whether the case is a two-party dispute; (2) the economy and efficiency of administration; (3) the availability of another case or forum to protect the interests of the parties; (4) alternative means of achieving equitable distribution of assets; and (5) the purpose for which bankruptcy jurisdiction has been sought." *In re Pennion*, 299 B.R. 536, 539 (B.A.P. 8th Cir. 2003).

The Bankruptcy Court applied these factors here, and it found that abstention was warranted. It found that this case is a two-party dispute, the bankruptcy administration would be costly, time-consuming, and likely ineffective, there are several available state-law avenues under which Appellants could seek relief, and there was no legitimate bankruptcy purpose as Appellants had filed the petition for forum shopping and debt collection reasons. Appellants attempt to reargue the application of these factors, but they fail to show that the Bankruptcy Court did not

6

apply the correct legal standard or its factual findings were clearly erroneous. The Court's independent review finds no error in the Bankruptcy Court's incredibly well-reasoned and thorough decision. Indeed, on these facts, it appears that the Bankruptcy Court reached the only appropriate conclusion. *See In re Kujawa*, 270 F.3d 578, 583 (8th Cir. 2001) (noting in dicta that a district court's abstention dismissal of an involuntary petition involving a two-party dispute was "appropriate"); *In re Jr. Food Mart of Ark., Inc.*, 241 B.R. at 426–28 (abstaining on similar facts).

## Conclusion

For the foregoing reasons, the Bankruptcy Court's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  March 22, 2022   /s/ Greg Kays
　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT